**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>DUSAN PITTNER,<br><br>　　　　　　　　Debtor | Chapter 11, Subchapter V<br>Case No. 21-11009-FJB |

**MEMORANDUM OF DECISION ON**
**ORDER TO SHOW CAUSE**

In the matter before the Court, the Court ordered the debtor, Dusan Pittner (the "Debtor"), to show cause why this case under subchapter V of chapter 11 should not be converted or dismissed for his failure to comply with a clear and unambiguous order of the Court. After a video hearing, the Court, finding cause to convert or dismiss, but also finding that removal of the Debtor from possession pursuant to 11 U.S.C. § 1185(a) is in the best interest of creditors and the estate, shall remove the Debtor from possession based on the Debtor's failure to comply with court orders. As a result of the Debtor's removal from possession, David B. Madoff, the subchapter V trustee in this case, shall perform the duties specified in 11 U.S.C. § 1183(b)(5), including operating the business of the debtor.

**FACTS LEADING TO THE ORDER TO SHOW CAUSE**

The Debtor is a serial bankruptcy filer. He has filed five bankruptcy cases and has been in bankruptcy for more than ten years. He filed the current voluntary chapter 11 petition on July 8, 2021 and elected to proceed under subchapter V of chapter 11. The United States Trustee appointed David B. Madoff as subchapter V trustee on July 13, 2021.

The Debtor filed his subchapter V plan on October 7, 2021. The U.S. Trustee and secured creditors objected to confirmation of the Debtor's plan. On December 21, 2021, the Court held a confirmation hearing. At the hearing, the Court raised concerns about the feasibility of the plan and

addressed concerns about the Debtor's plan to delay sale of his real property until after plan confirmation.  The Debtor was unable to provide a compelling or satisfactory reason for not selling the property during the bankruptcy proceedings and under the supervision of the court.  The U.S. Trustee argued in support of appointing the subchapter V Trustee Madoff as operating trustee.  The Debtor objected to the appointment, stating only that the appointment was unnecessary, and that the Debtor was willing and able to accomplish the sale of these properties and to file a confirmable plan.

Based on the meritorious objections and to advance the case, which is the next phase of a ten-year bankruptcy process, on December 21, 2021, the Court denied confirmation and ordered the Debtor to "file either a motion to employ a real estate broker or a motion to sell pursuant to 11 U.S.C. § 363(b) as to the 151 Massapoag Avenue, North Easton, MA property and the 365 NE 3rd St., Boca Raton, Florida property, on or before January 11, 2022" [#148] (the "December 21 Order"). The Debtor failed to comply with the December 21 Order.  On or before January 11, 2022, he had filed neither a motion to employ a real estate broker nor a motion to sell as to either the Boca Raton property or the North Easton property.[1]  On January 18, 2022, without leave of court to modify the December 21 Order, the Debtor filed a status report [#179] that failed to comply with the December 21 Order.  In it, he stated that he had submitted a proposed purchase and sale agreement to prospective purchasers of the Boca Raton property and that they had not yet signed it, but that he believed that their signing was imminent, and that upon its signing he would be filing the appropriate motion for authority to sell, and that it was therefore unnecessary to retain a broker as to that property.  With respect to the North Easton property, he said: "it now appears that the proceeds of the sale of the Florida property may be sufficient to pay the mortgage on that property in full, as well. Therefore, in the exercise of his business judgment, [the Debtor] believes that retaining a broker is not necessary at this time."  The Debtor thus informed the Court that he had not complied with the Court's order as to either property and had elected to

---

[1] Even to date, he has not complied with any part of this order.

disregard the Court's order. The status report in no way satisfied the December 21 order and would not have done so even if it had been filed by the January 11 deadline for complying with the December 21 Order.

**ISSUANCE OF ORDER TO SHOW CAUSE, RESPONSE, AND HEARING**

On January 21, 2022, the Court issued the Order to Show Cause that is the subject of this proceeding [#185] and ordered the Debtor to file a written response. The Order to Show Cause ordered to Debtor to show cause why the case should not be converted to chapter 7 or dismissed for his failure to comply with the December 21 Order to "file either a motion to employ a real estate broker or a motion to sell pursuant to 11 U.S.C. § 363(b) as to the 151 Massapoag Avenue, North Easton, MA property and the 365 NE 3rd St., Boca Raton, Florida property, on or before January 11, 2022." In his response, also fled late,[2] the Debtor disputed the wisdom or propriety of the Court's December 21 Order ("It is unclear why selling the Florida property after confirmation would be improper.") and argued that neither conversion, dismissal, nor the appointment of an operating subchapter V trustee was in the creditors' best interest. He also conceded that the purchase and sale agreement for the Boca Raton property had not yet been executed, "and the date to do so has passed." He did not dispute his failure to comply with the December 21 Order to file, on or before January 11, as to each of two properties, either a motion to sell or an application to retain a real estate broker.

At the hearing on the Order to Show Cause, held February 1, 2022, the Debtor testified that he was aware of the December 21 Order and the deadlines. He also explained that he determined that not complying with the order and moving forward on a purchase and sale agreement outside of the Court-

---

[2] By way of explanation for the lateness of this response to the Order to Show Cause, the Debtor stated that he had been out of the country and unable to communicate with his counsel in time to timely respond. For his part, his counsel stated that he had "misunderstood" the due date and called his tardiness "de minimis." This explanation only relates to the lateness of Debtor's response to the Order to Show Cause. The debtor left the country on January 12, 2022, after the January 11 deadline to comply with the Court's December 21, 2021 Order.

3

established deadlines would be a "better option" and therefore decided to not abide by the December 21 Order.

Also at the hearing on the Order to Show Cause, counsel to the Debtor revealed that the Debtor had now abandoned the plan outlined in his status report: that is, to continue to negotiate with the tenant in the Florida property to maximize the benefit to the estate of a sale of the property to that tenant, without engaging a broker for that property. Instead, he asked for a 45-day extension to implement a new plan: to market the Florida property through a broker whom he will apply to employ. Counsel represented that he believed he would file an application to employ a real estate broker by the close of business on February 1, 2022. Not surprisingly, no application to employ a broker has been filed to date.

At the hearing, the U.S. Trustee and the subchapter V trustee argued that there was "clear cause" to dismiss or convert the case. The U.S. Trustee also argued that, while 11 U.S.C. § 1104 is not applicable to a subchapter V case, see 11 U.S.C. § 1181 ("Section[] . . . 1104 . . . of this title does not apply in a case under this subchapter."), the Court has authority to order that "the debtor shall not be a debtor in possession for cause," 11 U.S.C. § 1185(a); and the removal of a debtor from possession automatically has the effect of expanding the duties of the subchapter V trustee. See 11 U.S.C. § 1183(b)(5) ("The trustee shall—(5) if the debtor ceases to be a debtor in possession, perform the duties specified in section 704(a)(8) and paragraphs (1), (2), and (6) of section 1106(a) of this title, including operation of the business of the debtor.") Madoff confirmed that he believed that in view of the Debtor's deliberate disregard of an order of the court, one of these options—conversion, dismissal, or removal of the debtor from possession—needed to be taken. Madoff, an experienced chapter 7 trustee

in this district, further explained that if the case were converted to one under chapter 7, the chapter 7 trustee would likely be obligated to abandon the properties.[3]

**REASONS FOR REMOVING THE DEBTOR FROM POSSESSION**

Section 1112(b)(2) of the Bankruptcy Code states (in relevant part):

> Except as provided in paragraph (2) . . ., the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Section 1112 sets forth a non-exhaustive series of causes to convert or dismiss a chapter 11 case. One of these is "failure to comply with an order of the court." 11 U.S.C. § 1112(a)(4)(E). Cause to convert or dismiss exists in this case because the Debtor failed to comply with the December 21 Order and did so knowingly and deliberately. The Debtor did not invoke the exception in § 1112(b)(2) to the requirement of conversion or dismissal upon a showing of cause.

I turn then to the question of whether conversion or dismissal is in the best interest of the creditors, both secured and unsecured, and the estate. Dismissing the case would likely provide no recovery to unsecured creditors and, based on the long, contentious, history between the Debtor and the secured creditors, it seems clear that dismissal would bring no resolution to their disputes. Dismissal would likely result in nothing but another bankruptcy filing by the Debtor, a sixth case. Based on the well-informed argument of Madoff that conversion to chapter 7 would result in abandonment of the Debtor's principal assets to the Debtor, conversion would likely end no differently than a dismissal.

Section 1112(b)(1) states that when cause for conversion or dismissal is found, a court must convert or dismiss "unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Section 1104 does not apply in a case

---

[3] To be clear the Court did not set a new deadline to file the application, and Debtor's counsel made clear he was not promising that he would file on February 1, 2022.

under subchapter V, but subchapter V contains its own parallel provision in § 1185(a)'s authorization for the court to remove a debtor from possession for cause, with a resulting increase under § 1183(b)(5) in the powers of the subchapter V trustee.

Section 1185(a) states: "On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor[.]" 11 U.S.C. § 1185(a). The list of causes in this subsection is not exclusive. See 11 U.S.C. § 102(3) ("In this title, "includes" and "including" are not limiting[.]").  Though this subsection begins "on request of a party in interest," § 105(a) of the Bankruptcy Code makes clear that the Court may raise the issue *sua sponte*.  11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.").  Section 1185(a) also requires that the Court act only "after notice and a hearing."   In the Bankruptcy Code, "after a notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

In this case, the Debtor had sufficient notice that the Court was considering removal of the debtor from possession.   At the December 21, 2021 confirmation hearing, the U.S. Trustee had argued for removal of the debtor from possession, which would effectively transform the subchapter V trustee to an operating trustee; the Debtor responded that such relief was unnecessary because the Debtor would retain a broker and sell the properties promptly.  The Court provided fair deadlines to complete these steps, but the Debtor unilaterally decided that the deadlines were optional, resulting in the Order to Show Cause.  The Order to Show Cause did not expressly raise the option of removing the debtor from possession in subchapter V, but it did raise the possibility of conversion to chapter 7, which not

6

only removes the debtor from possession but also forecloses any possibility of reorganization under subchapter V.  Removal of a debtor from possession is simply a lesser form of the conversion option. It is precisely that in every motion to convert or dismiss under § 1112(b)(1), where the Court is obligated to ask in every instance where cause is shown whether the appointment of a chapter 11 trustee might better serve the interests of creditors and the estate.  In fact, the Debtor did respond to the option of "appointment of an operating trustee," as his counsel called it, in his response to the Order to Show Cause, at ¶ 3.[4] In any event, at the hearing on the Order to Show Cause, the issue of removal of the Debtor from possession was squarely raised, and the Debtor had fair opportunity to present his arguments as to why he should be allowed to continue as a debtor in possession.  He did not argue surprise or that notice had not been sufficient. *See Allen v. King*, 461 B.R. 709, 710 (D. Mass. 2011) ("The notice standard is flexible and depends, in part, on the egregiousness of the cause motivating the appointment.").  I conclude that the Debtor had sufficient notice and opportunity to be heard on the option of removal of the Debtor from possession.

      Proceeding to the merits of the issue, I conclude that the Debtor's deliberate refusal to obey an order of the Court, the December 21 Order, is cause under § 1185(a) to remove the Debtor from possession.  I further hold that the removal of the Debtor from possession under § 1185(a), with the resulting increase in the powers and duties of the subchapter V Trustee under § 1183(b)(5), is in the best interests of creditors and the estate and better serves these interests than either conversion of the case to one under chapter 7 or dismissal of the case.  For these reasons, the Court will by separate order remove the Debtor from possession.

Date: February 4, 2022

                                        */s/ Frank J. Bailey*
                                        Frank J. Bailey
                                        United States Bankruptcy Judge

---

[4] Counsel said: "The same is true [that it would increase costs of administration] of the appointment of an 'operating trustee', and § 1104 does not apply in Subchapter V, see § 1181(a)."