**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>DUSAN PITTNER,<br><br>                              Debtor | Chapter 11, Subchapter V<br>Case No. 21-11009-FJB |

**MEMORANDUM OF DECISION ON**
**MOTION TO STRIKE OBJECTION TO CLAIM**

By the motion before the Court, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R5 ("Deutsche Bank") moves to strike the objection of debtor Dusan Pittner ("the Debtor") to the Deutsche Bank's proof of claim as late-filed.  The Debtor, in response, does not deny the lateness of the objection but contends that the neglect is excusable because (i) it was inadvertent, counsel having inadvertently failed to enter the due date on his calendar, (ii) it caused no prejudice, (iii) it created no undue delay, and (iv) the objection to claim has merit. He has filed no motion to extend the deadline.

The deadline in question was established by a court order. When an act is required by order of court to be done within a specified period, the enlargement of that time is governed by Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period . . . by order of court, . . ."). Where, as here, the time to act has expired, this rule provides: "the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The rule thus requires a motion and a showing that the failure to act was the result of excusable neglect.  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment*

*Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993). These include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id*. In this analysis, where the neglect was counsel's and not the party's, the party is nonetheless accountable for the acts and omissions of their chosen counsel. *Pioneer*, 507 U.S. at 397, 113 S.Ct. at 1499. Consequently, in determining whether a party's failure to act before a bar date was excusable, "the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Id.* (emphasis added).

The facts are as follows. The Debtor commenced the present case, a reorganization proceeding under subchapter V of chapter 11, on July 8, 2021. It is his fifth bankruptcy filing since 2009; he has been under bankruptcy protection for approximately ten years since that first filing. His latest filing is as a small business debtor, his business being the ownership and rental of residential real estate, especially three homes. His principal creditors are the holders of mortgage loans on his real estate, especially the rental properties, Deutsche Bank being one of them.

Deutsche Bank timely filed a proof of claim in the case on August 3, 2021. Though the Debtor signaled early in the case that he disagreed with the amount of Deutsche Bank's claim, and that he intended to object to it, still he had filed no objection to the claim on December 21, 2021, when the Court held a hearing on confirmation of the Debtor's plan of reorganization. As quantification of this and other claims in the case would constitute a major part of the case, and some five months into the case the Debtor had not even commenced the process, despite having fought with this same creditor at length over the last decade, the Court, on December 21, 2021, established January 11, 2022 as the deadline for the filing of objections to claims in this case. For good measure, the Court added: "The Court will not grant an extension to any of the aforementioned deadlines."

The January 11 deadline came and went without an objection to claim and without a motion to extend the time. On January 13, the Debtor filed the objection to the claim of Deutsche Bank that is the subject of the present motion.[1] Deutsche Bank promptly moved to strike the objection as untimely. The Debtor has responded to the motion to strike, pleading excusable neglect, but has not moved to extend the time to file objections to claims.

The Court's order of December 21 further established January 11 as the deadline for the Debtor to file, as to each of two properties he owns, either a motion for authority to sell the property or an application to employ a broker to sell the property. The Debtor failed to comply with that order as to either property. Still he has not done so. At a later hearing, he testified that he had unilaterally decided that he would disregard the order in favor of a different course of action.

The Court then entered an order to show cause why the case should not be converted or dismissed for this failure to comply with an order of the Court and required a response in writing to that order on or before January 26, 2022. The Debtor filed the response on January 28, complete with two excuses for its tardiness: that the Debtor himself had been in the Czech Republic until late in the evening of January 27 and for that reason could not confer with counsel, such that it was effectively impossible to comply with that deadline; and that, in any event, "counsel misunderstood the due date and believed it was today [January 28]."

Earlier in the case, the Court, in conjunction with the scheduling of the hearing on confirmation of the plan, had established November 19, 2021 as the deadline for the filing of applications for compensation. These are normally heard at the same time as confirmation because the quantification of administrative claims, and the debtor's ability to pay the same, are factors in the confirmation process. Debtor's counsel filed no fee application until November 26, 2021, when he also moved for

---

[1] On the same day, he also filed an objection to another claim, and that objection too is late.

3

leave to file his application late, saying: "counsel apparently mis-calendared the due date as November 26 rather than November 19."

Now, in support of his current plea of excusable neglect, the Debtor again pleads inadvertence: "Apparently counsel inadvertently did not enter the due date on his calendar, and thus was unaware of the tardiness until this motion [Deutsche Bank's Motion to Strike] was filed." Counsel did not expand on how it came to be that he did not enter this due date on his calendar. He did not indicate what his normal calendaring practice is (if he has one), or how and why he did not follow that practice in this instance.

I will allow the motion to strike for two reasons. First, Rule 9006(b)(1) is clear that the deadline may be extended in this circumstance only upon a motion. The Debtor has not moved to extend the deadline, a measure that is more than a mere formality. A motion affords the opposing party notice and an opportunity to respond. Here, excusable neglect was raised in a responsive pleading, one to which no response is required.

Second, even treating the Debtor's response as a motion, I would find no cause to excuse the present neglect. "Inadvertence" suggests a one-time mistake, an aberration from sound and consistent practice, caused by an unusual, intervening circumstance. Counsel's failure in this instance was nothing of the sort. On the evidence of this case, these errors are frequent in his practice and suggest a lack of control. When inadvertence is repetitive, it shows, as here, a lack of seriousness about court deadlines and an undue reliance on judicial indulgence. The First Circuit has indicated that the excusability of neglect is dependent on its infrequency, suggesting that repeated neglect is not so excusable. *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 767 (1st Cir. 2017) (because counsel's neglectful behavior was not intentional, egregious, or repetitive, and resulted in no prejudice to the defendants, dismissal was an inappropriate sanction). This is reason enough to deny extension of the time to file objections to claims.

There is further reason. The Debtor has been sparring with and holding off Deutsche Bank in bankruptcy for most of the last thirteen years. It behooved him upon entering into this most recent case, if it had any purpose at all other than further delay, to advance the case expeditiously. Because he had not done so, the Court set deadlines, in response to which he and his counsel have repeatedly missed deadlines and ignored court orders. I see no cause here to excuse the present neglect. A separate order will enter overruling the objection to Deutsche Bank's claim as untimely.

Date: February 8, 2022

_____
Frank J. Bailey
United States Bankruptcy Judge