UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

In re:

DUSAN PITTNER,

        Debtor.

Chapter 7
Case No. 21-11009-JEB

**TRUSTEE'S LIMITED RESPONSE TO MOTION TO INTERVENE**

David B. Madoff (the "Trustee"), the duly appointed Chapter 7 trustee of Dusan Pittner (the "Debtor"), hereby responds to the Motion to Intervene filed by potential creditors Kim and David Duke (the "Dukes").  As set forth below, the Trustee has no knowledge of the issues raised by the Dukes, and had no involvement in or knowledge about an apparent post-petition litigation involving the Dukes and the Debtor.  Further, the Trustee questions whether a motion to intervene is the proper remedy here.  However, the Trustee acknowledges that there is a surplus in this case of over $480,000 in cash, plus real estate that has not been liquidated.  Therefore, if the Dukes are entitled to a claim of $227,105.05 plus interest of approximately $20,000, there are sufficient funds to pay it.  In further response, the Trustee states:

1.      On July 8, 2021, the Debtor filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date").  On July 12, 2021, the Trustee was appointed as the Subchapter V trustee.

2.      By Order dated February 4, 2022, the Court ordered the removal of the Debtor from possession, and the increase in the powers and duties of the Trustee to an operating trustee pursuant to Section 1183(b)(5) of the Code.

1

3. The Debtor's Chapter 11 estate consisted primarily of three pieces of real estate: (1) 119 Randall Street, Easton, MA (the "Randall Property"); (2) 151 Massapoag Ave., Easton, MA (the "Massapoag Property") and (3) 365 N.E. 3rd Street, Boca Raton, Florida (the "Boca Property").

4. On July 25, 2022, the Trustee closed on the sale of the Boca Property. After payment of court-approved closing costs and the senior mortgage, the Trustee received funds totaling $1,004,026.45. In addition, prior to the closing, the estate was holding $21,790.12, primarily from rents paid on the Boca Property prior to the sale. Therefore, after the sale, the estate was holding $1,025,816.67 in cash, plus the two remaining pieces of real property.

5. This case is over five years old. What should have been a straightforward case involving the disposition of three pieces of real estate was marred by mismanagement by the Debtor and his prior counsel, leading to that counsel's removal from the case, and causing the case to remain open in order to litigate prior undisclosed claims. It is thus not surprising that, on the eve of closing the case, another party asserting a claim against the Debtor has appeared.

6. What is surprising, however, is that the underlying state court action, which was based on a postpetition lease that was not approved by this Court, proceeded without the Trustee's or this Court's knowledge. It was, at least initially, fully litigated by the Debtor, who was represented by counsel.

7. The validity and priority of the Duke's claim is certainly an issue, but one that should be dealt with by the Debtor, as any recovery by the Dukes would be from surplus funds owed to the Debtor.

Respectfully submitted this 27th day of July, 2026.

DAVID B. MADOFF, TRUSTEE

By his attorneys,

/s/ David B. Madoff
David B. Madoff (BBO# 552968)
MADOFF & KHOURY LLP
124 Washington Street – Suite 202
Foxborough, Massachusetts 02035
(508) 543-0040
madoff@mandkllp.com

## Certificate of Service

The undersigned hereby certifies that on July 27, 2026, he caused copies of the foregoing

to be served electronically by ECF on all parties on the Court's ECF service list.

/s/ David B. Madoff
David B. Madoff (BBO# 552968)